## HARRIS *v.* CASTILE MINING CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—CASE
MAY NOT BE REOPENED WITHOUT SHOWING OF CHANGED PHYSICAL
CONDITION.

> Where an injured employee, after receiving compensation
> under the workmen's compensation act, was denied ad-
> ditional compensation by the department of labor and
> industry, after a hearing, the case may not be reopened
> and additional compensation awarded unless there is evi-
> dence that his physical condition is worse, as a result
> of his accidental personal injury, than it was at the time
> of the former hearing.

2. SAME — WORDS "WITHOUT PREJUDICE" IN DENIAL OF CLAIM
MERE SURPLUSAGE.

> The department of labor and industry has no power to
> vacate an arbitration, to order another arbitration, or
> to grant a rehearing, and these rules may not be avoided
> by the tacking on to a decision denying additional com-
> pensation the words "without prejudice," and on certiorari
> to review an award they will be regarded as surplusage.

3. SAME—NEURASTHENIA ACCIDENTAL INJURY.

> Neurasthenia caused by or attributable to an accident is
> a personal injury within the meaning of the workmen's
> compensation act.

4. SAME—ADDITIONAL COMPENSATION JUSTIFIED WHERE CONDITION
WORSE FROM EXISTING DISORDER.

> Evidence capable of an inference that an injured employee
> was in a worse condition because of neurasthenia than
> he was at the time of a former hearing, when his claim
> for additional compensation was denied, would justify an
> award notwithstanding the fact that he was suffering
> from said disorder at the time of the former hearing.

5. SAME—WEIGHT OF EVIDENCE FOR DEPARTMENT.

> The weight to be given plaintiff's testimony, though con-
> tradictory, is for the department of labor and industry,
> which is the trier of the facts.

On right and extent of review of findings of commission under
workmen's compensation acts, see note in L. R. A. 1917D, 186.
On what constitutes accident and personal injuries within
meaning of workmen's compensation acts, see notes in L. R. A.
1916A, 29, 227; L. R. A. 1917D, 103; L. R. A. 1918F, 867.

6. SAME—AWARD MUST BE AFFIRMED IF SUPPORTED BY ANY EVIDENCE.

On certiorari to review an award of additional compensation to plaintiff by the department of labor and industry, where there was some evidence to support it, the award must be affirmed under 2 Comp. Laws 1915, § 5465, although the evidence as a whole preponderates strongly against it.

Certiorari to Department of Labor and Industry. Submitted April 18, 1923. (Docket No. 94.) Decided June 4, 1923.

John Harris presented his claim for compensation against the Castile Mining Company for an accidental injury in defendant's employ. From an order awarding compensation, defendant brings certiorari. Affirmed.

*Waples & Waples*, for appellant.

*Solomon W. Patek* (*Paul G. Eger*, of counsel), for appellee.

CLARK, J.    On certiorari defendant seeks to set aside an award of the department of labor and industry, also styled the commission. Plaintiff was injured on December 16, 1920, while working in an iron mine of defendant. He suffered an inguinal hernia for which he was later operated. Under agreement he was paid maximum compensation for 21½ weeks. Then he signed settlement receipt which was filed with the commission. Later he petitioned for further compensation. At the hearing on arbitration, deputy commissioner Beattie sitting, after taking testimony and after a full hearing, plaintiff was found not to be entitled to further compensation and his petition, on September 14, 1921, was denied "without prejudice." On review before the commission the decision was affirmed.

On April 4, 1922, plaintiff again petitioned for further compensation. A hearing on arbitration was had, deputy commissioner Derham sitting. Plaintiff was awarded maximum compensation to begin on September 14, 1921, the date of the former decision by Mr. Beattie. On review before the commission the award was affirmed except it was made to begin on April 4, 1922, instead of September 14, 1921.

A finding of facts by the commission, usually very helpful in these cases, is not to be found in the record. We must search the record to ascertain whether there is any evidence of change in the physical condition of the plaintiff since September 14, 1921, the date of the denial of his former petition. For, according to a rule well established, the case may not be re-opened and additional compensation awarded, after such decision that the plaintiff was not entitled to compensation, unless there is evidence that plaintiff's physical condition is worse, as a result of his accidental personal injury, than it was at the time of the former hearing. *Burley* v. *Central Paper Co.*, 221 Mich. 595. If the evidence indicates no such change in condition such former decision is a bar to plaintiff's petition. Another rule, equally well established, is that the commission has no power to vacate an arbitration, to order another arbitration, or to grant a rehearing. *Fritz* v. *Rudy Furnace Co.*, 218 Mich. 324. None of the rules aforesaid can be avoided by tacking on to a decision the words "without prejudice." If the commission had the power to add such words to the former decision the use of the words left the whole matter open to hearing as much as if the former petition had never been filed and determined. *McIntyre* v. *McIntyre*, 205 Mich. 496. But the commission is without such power. Its powers are fixed by statute. A decision on arbitration or by the commission on review must be positive and unqualified so that a judg-

ment may be rendered upon it, on application of either party and without notice, in the circuit court as provided by 2 Comp. Laws 1915, § 5466. The words "without prejudice" will be treated here as surplusage.

Counsel for plaintiff stresses here as he did at the last hearing that plaintiff has developed neurasthenia. We think this condition was involved in the first hearing though not given the emphasis accorded it later. But we cannot say that the evidence is not capable of an inference that the disorder is worse than it was at the time of the former hearing. And neurasthenia caused by or attributable to the accident is a personal injury under the act. See 10 N. C. C. A. 1041; 3 N. C. C. A. 225-229.

A new matter was introduced at the second hearing by the testimony of a physician of examinations made on March 14, 1922, and on June 23, 1922. He said of plaintiff:

"I find a man of small stature, well developed physically, but walking with a slight halting gait as if he did not have good use of the right leg. * * * Breathing is mostly abdominal and chest excursion is very small. Abdomen hypersensitive all over, most on the right side. * * * He appears to have pain when body is erect. This is entirely relieved by bending forward. * * * He complains of a pulling sensation in the scar on walking or when body is bent backwards. He has a large scar in the right inguinal region marking the site of the operation. It is my opinion that the symptoms complained of are due to the adhesion of the omentum and possibly some of the internal organs to the inside of the scar and that he can be relieved by re-opening the abdomen and releasing these adhesions."

Of his physical condition as regards employment plaintiff testified at the last hearing:

"Q. You claim that at the time of the hearing which was held here in this room last September you were

in the same condition in which you are now; is that right?

"*A.* Since my injury, yes.

"*Q.* Do you remember the hearing we had here last fall?

"*A.* Yes.

"*Q.* You claim that you are now in the same condition you were, then?

"*A.* I have been in the same condition since my injury.

"*Q.* You are no better than you were last September when we had the hearing here?

"*A.* No, sir, I am no better.

"*Q.* And no worse?

"*A.* I am growing worse.

"*Q.* Are you worse than you were when you had your examination here last September?

"*A.* Yes, sir.

"*Q.* Do you suffer more pain than at the time of the last hearing?

"*A.* Yes, sir.  *  *  *

"*Q.* Have you done any work at all since May 16, 1921?

"*A.* Not a thing.

"*Q.* Why haven't you?

"*A.* I am not able to."

The weight to be given plaintiff's testimony, though contradictory, is not for this court but for the trier of the facts, the commission. See *Goonen* v. *Railroad Co.*, 218 Mich. 502.

Because of the evidence reviewed, though the evidence as a whole preponderates strongly against it, we may not say that the award has no evidence to support it, and therefore, agreeable to 2 Comp. Laws 1915, § 5465, it must be and is affirmed.

WIEST, C. J., and FELLOWS, MCDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.