McGARRY et al. v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 4029.   Decided December 28, 1923.   (222 Pac. 592.)

1. MASTER AND SERVANT—NO PRESUMPTION OF DEPENDENCY OF CHILD NOT LIVING WITH DECEASED PARENT WITHIN COMPENSATION ACT. Where deceased employee had deserted his wife and child some time prior to November 11, 1919, and assumed another name, and his whereabouts were unknown to them until his injury in October, 1922, there was no presumption of dependency of the child under Comp. Laws 1917, § 3140, subd. 5(b) par. 1, because the child was not living with deceased.

2. MASTER AND SERVANT—FINDING IN COMPENSATION CASE HELD NOT TO SHOW DEPENDENCY OR ABSENCE OF DEPENDENCY. A finding that deceased had deserted his wife and child several years before his death, and that they did not know his whereabouts,

did not find sufficient facts to show actual dependency of the child, under Comp. Laws 1917, § 3140, subd. 5(b), par. 2, but the facts found were not conclusive that there was no such dependency.

3.. EVIDENCE—LAWS OF ANOTHER STATE PRESUMED TO BE SAME AS LAWS OF FORUM. In the absence of evidence to the contrary, it will be presumed that the law of Idaho relating to punishment for failing to support a minor child is the same as the law of Utah.

4. MASTER AND SERVANT—SUPREME COURT HAS POWER ONLY TO SET ASIDE COMPENSATION AWARD UNSUPPORTED BY FINDINGS. Where sufficient findings were not made to support the conclusion of dependency of compensation claimant, the only power the Supreme Court has is to set aside the award.

Original proceeding by W. C. McGarry and others against the Industrial Commission of Utah to review an award made by defendant to Alice Baker Bradley, as guardian for her infant son, John Calvin Bradley, granting compensation for the death of Delos Bradley, the infant's father.

AWARD ANNULLED AND SET ASIDE.

*Booth, Lee, Badger & Rich,* of Salt Lake City, for plaintiffs.

*Harvey H. Cluff,* Atty. Gen., and *J. Robert Robinson,* Asst. Atty. Gen., for defendants.

THURMAN, J.

This is a proceeding to review an award made by the defendant Commission to Alice Baker Bradley, as guardian for her infant son John Calvin Bradley.

Delos Bradley, the father of the boy, sustained an accidental injury arising in the course of his employment by plaintiffs, McGarry et al., in October, 1922, at Park City, Utah. The injury resulted in his death during the same month. The case is within the Utah Industrial Act (Comp. Laws, 1917, §§ 3061-3165).

In addition to the foregoing facts the Commission found that at the time of his death the deceased was being paid $29.75 per week, working seven days a week, and that the defendant United States Fidelity & Guaranty Company carried the insurance. The sole question to be determined is one of dependency. As bearing upon that question the Commission found that the deceased, Delos Bradley, intermarried with Alice Baker at Blackfoot, Idaho, July 3, 1914; that the minor, John Calvin Bradley, the sole issue of said marriage was born in June, 1915; that deceased lived continuously with and supported his wife and child for a period of about seven months after the child was born; that some time prior to November 11, 1919, he deserted and abandoned his wife and child, assumed the name of "Jack Wilson," by which name he was known to his employers, and his whereabouts were unknown to the applicant until the happening of the injury which resulted in his death. It is also found by the Commission that on November 11, 1919, Mrs. Bradley procured a divorce in the district court of Bingham County, Idaho. The Commission found as conclusions from the foregoing facts that the minor child John Calvin Bradley was wholly dependent for support upon his deceased father, and awarded him compensation at the rate of $16 per week for a period of 311 weeks.

As sufficient facts are not found to show an actual dependency we are forced to the conclusion that the Commission must have assumed that the question of dependency was controlled by the provisions of the statute, in which total dependency is presumed, rather than from the provisions in which dependency in whole or in part is to be determined "in accordance with the facts."

Comp. Laws Utah 1917, § 3140, subd. 5, as amended in Session Laws 1919, at p. 163, reads as follows:

"The following persons shall be presumed to be wholly dependent for support upon a deceased employee:

"(a) A wife upon a husband with whom she lives at the time of his death.

"(b) A female child or female children under the age of eighteen and a male child or male children under the age of sixteen

years (or over such ages if physically or mentally incapacitated from earning) upon the parent with whom he is living at the time of the death of such parent.

"In all other cases, the question of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case existing at the time of the injury resulting in the death of such employee, but no person shall be considered as dependent unless a member of the family of the deceased employee, or bears to him the relation of husband or widow, lineal descendant, ancestor, or brother or sister. The word 'child' as used in this title, shall include a posthumous child, and a child legally adopted prior to the injury."

If the Commission assumed that the case falls within the provisions of the first paragraph of subdivision (b), which seems probable, the assumption is without foundation for the reason that the uncontradicted evidence shows that the boy was not living with deceased at the time of his death, and had not been living with him for a period of six years or more previous to that time. If the Commission assumed that the case falls within the provision of the second paragraph of subdivision (b), then no facts are shown other than the relationship of parent and child from which dependency can be inferred.

We feel justified in assuming that the Commission arrived at the conclusion that this case is one in which dependency is presumed from relationship and consequently classed it under the first paragraph of subdivision (b). No interpretation of the statute consistent with any known rule of construction can make this case one in which dependency may be presumed under subdivision (b). Living with his father at the time of his death, either actually or constructively, is just as essential to the establishment of dependency as is the relationship of parent and child.

The Attorney General, appearing for the Commission in an illuminating and instructive brief contends for a different interpretation of the statute. If we read his contention aright, there is a presumption that a father and a minor child in a case of this kind are living together, whether in fact they are or not, and that in Utah, where there is a legal liability on the part of the father to support his minor

child, total dependency under the Utah Industrial Act may be presumed. We cannot adopt this interpretation of the statute without disregarding what we believe to be our plain duty as interpreters of the law.

We may be assuming too much in concluding that the Commission found dependency under the first paragraph of subdivision (b). We assumed that fact because the findings show no facts whatever except relationship, of actual dependency as contemplated in the next succeeding paragraph. We have referred to no authority in support of the proposition that there is no presumption of dependency in this case under the provision of the Industrial Act. The statute is too clear and unequivocal to call for reference to adjudicated cases.

We agree with the plaintiffs' contention that we have no power to make findings in a case of this kind or do other than either affirm or annul the award made by the Commission. Nevertheless we would not be discharging our full duty under the law if we failed to indicate our views as a guide to the Commission in future cases, or even in the instant case, if there are facts warranting further investigation. This is a case which, for aught we know, may be one of extraordinary hardship when all the facts are known. We know already from the facts before us that a mere infant only seven months of age, together with its mother, was abandoned by the husband and father, who assumed another name to hide his identity, and continued successfully so to do for a period of nearly seven years, when he came to his death as the result of an accident, at which time his identity was discovered by the applicant. It appears that almost immediately thereafter she had herself appointed guardian for her son, and commenced this proceeding for compensation under the Utah Industrial Act. The writer regards it as a significant fact that on the very first opportunity after learning the whereabouts of her former husband she instituted this proceeding to obtain the common necessaries of life for her infant son. It is reasonably clear that if she had known of his whereabouts at the time she insti-

tuted her suit for divorce, and personal service had
been available, she would not only have demanded          2
support for her infant child but also alimony for
herself. This being within the purview of reason and human
probability it goes very far toward answering the argument
of plaintiffs' counsel to the effect that his failure to furnish
any support for the child for nearly seven years is conclu-
sive evidence that there was no dependency in fact.

The brief filed by the Attorney General cites an English
case strikingly similar to the case, at bar in many essential
respects: *Young* v. *Niddrie & Benhar Coal Co., Ltd.,* 6
B. W. C. C. 774. The headnote states the points involved
and the decision thereof:

> "A workman deserted his wife and pupil children in 1907. Dur-
> ing the next two years he gave occasional small sums to or for
> the pupil children. He then in 1909 went away, and a decree of
> ailment was obtained against him, and one small sum arrested
> out of wages thereon. He then disappeared and successfully evaded
> search until he died by accident in April, 1911. A sum due to him
> for wages at the time of the accident was paid to the widow after
> his death. Held, the children were dependents. The fact that the
> father had so far successfully avoided his legal liability of main-
> taining his children did not destroy dependency."

We admit that in most cases of actual dependency the fact
that deceased in his life-time and down to a comparatively
recent date furnished or promised some support to the
applicant is important and oftentimes a controlling factor,
but there is nothing in the Utah statute making it essential,
and the opinion in the English case above cited ignores that
feature altogether as a basis for the decision. The decision
appears to rest upon the following propositions: (1) The
legal liability of the father to support his children; (2)
actual dependency of the children; (3) the fact that the
mother had availed herself of such opportunities as the law
afforded her to compel her husband to support his children.

There is no question in this case as to the legal liability
of the father to support his minor child. It is even made
a felony in Utah, punishable by fine or imprisonment, or
both, for one to willfully neglect to provide support and
maintenance for his minor child. Comp. Laws Utah 1917,

§ 8112, as amended by c. 148, Sess. Laws Utah 1921. In the absence of evidence to the contrary, it is presumed that the law of Idaho is the same. It is also reasonable **3** to presume from the facts hereinbefore detailed that the applicant in this case would have enforced the legal right of her child to the support and maintenance which the law imposed upon his father if she had had the opportunity. The legal right existed and had some potential value, but the opportunity to enforce it was wanting, solely because the deceased had surreptitiously deserted and abandoned both mother and child. As contended by counsel for applicant, it would indeed be a reproach to the lawmakers of the state if it could be successfully contended under the provisions of our Industrial Act that a minor child might be a dependent and entitled to compensation if the father had only performed his legal duty during his life, and furnished or promised the child some support, but because the father failed in his legal duty, even to the point of violating the criminal laws of the state, therefore the child should not be held to be a dependent entitled to compensation; yet such is the interpretation plaintiffs would have this court to give to the statute under review. Inasmuch as we are not compelled to do so by the plain meaning of the language employed, we are not inclined to so interpret the statute. Besides this, we know of no authority which holds that the furnishing of support during the life of deceased is absolutely essential to the establishment of actual dependency.

In *Merrill* v. *Penasco Lumber Co.*, 27 N. M. 632, 204 Pac. 72, the court says:

"But just as the existence of the marital status does not of itself prove dependency, so the lack of actual support by the husband does not of itself negative dependency. The failure to support is only one circumstance for consideration. The reasons for it, the length of its continuance, the mutual attitude and means of the parties, the probable resumption of duty, and other ·similar matters may have a distinct bearing on the subject. If dependency were determined only by the fact of contribution to support, a wife and children might be dependent one week and cease to be the next according to the caprice of the husband and father. Such a theory lacks support from authority."

In Honnold on Workmen's Compensation, vol. 1, § 82, upon this question it is said:

"The law does not limit dependency of minor children living apart from their parents to cases where actual support was being furnished or contribution made, as such a rule would in many instances exclude children from the benefits of a law that was clearly intended for their protection."

Another English case elucidating the question under review is reported in volume 1, B. W. C. C., at p. 332. The headnote reflects the gist of the opinion, but the entire opinion, which is brief, is worthy the attention of the reader. The headnote reads:

"A wife who had been turned out of her home by her husband and had not been living with or supported by him for eleven years before his death, but who had made endeavors to obtain support, was held to be in part dependent upon her husband's earnings at the time of his death within the meaning of schedule 1. (1) (A) (ii) of the Act of 1906."

We have found no American cases as nearly analogous to the instant case as are the English cases above cited. Neither have we found any American case which contravenes the doctrine of the English cases. We are compelled to treat each case according to its facts. As stated in plaintiffs' brief:

"This court has repeatedly held in compensation cases that each case must rest upon the particular facts in each case."

The cases cited by plaintiffs and amicus curiæ are conclusive against the applicant's prayer for compensation under the facts found by the Commission and the theory of dependency by presumption, which appears to be the theory upon which the Commission made its award. We cite the cases for the accommodation of the reader: *In re Carroll*, 65 Ind. App. 146, 116 N. E. 844; Honnold on Workmen's Compensation, vol. 1, § 82; *Sweet* v. *Sherwood*, 40 R. I. 203, 100 Atl. 316; *State Ind. Accident Commission* v. *Downton*, 135 Md. 412, 109 Atl. 63; *Federal Mut. Liability Ins. Co.* v. *Comm.*, 187 Cal. 469, 202 Pac. 664; *Stephens* v. *Stephens* (Ind. App.) 132 N. E. 747; *Miller's Case*, 244 Mass. 281, 138 N. E. 254; *Schwartz* v. *Gerding*, 69 Ind. App. 375, 121 N. E. 89; *Ninneman* v. *Comm.*, 171 Wis. 190, 176 N. W. 909;

*Tintic Milling Co.* v. *Comm.*, 60 Utah, 261, 207 Pac. 1114; *Globe Grain & Milling Co.* v. *Comm.*, 57 Utah 192, 193 Pac. 642; *McClain* v. *Kingsport Co.*, 147 Tenn. 130, 245 S. W. 837; *P. C. Mines Co. v. Comm.*, 296 Ill. 565, 130 N. E. 321; *Industrial Commission* v. *Drake*, 103 Ohio St. 628, 134 N. E. 465; *In re Gorski*, 227 Mass. 456, 116 N. E. 811; *Ludwig* v. *Car Co.*, 194 Mich. 613, 161 N. W. 835.

It is not necessary to review the cases in detail. They support the contention that under the facts disclosed by the record no dependency is shown by presumption or otherwise. For that reason the award as made should be annulled and set aside. None of the cases, however, cited by plaintiffs or amicus curiæ show conclusively that there may not be an actual dependency in whole or in part if the case should be inquired into upon the theory of a dependency in fact, under the provisions of the last paragraph of subdivision (b).

We have assumed in this case to express our views in advance, because we are of opinion the Commission inadvertently adopted an untenable theory in disposing of the case. As to whether or not the circumstances of the minor child John Calvin Bradley are such as to make him a dependent in fact we are unable to determine, because as before suggested, it does not appear that that question was considered by the Commission. Neither the facts found by the Commission nor the evidence discloses the pecuniary circumstances of the minor child or his mother.

The only power the court has, in view of the record before us, is to annul and set aside the award.

It is so ordered.

WEBER, C. J., and GIDEON, FRICK, and CHERRY, JJ., concur.