UTAH FUEL CO. v. INDUSTRIAL COMMISSION et al.

No. 4929.   Decided October 20, 1932.   (15 P. [2d] 297.)

H. J. *Binch*, of Salt Lake City, for plaintiff.

*Geo. P. Parker*, Attorney General, and *O. K. Clay*, of Price, for defendants.

FOLLAND, J.

This proceeding is to review an award by the Industrial Commission of Utah made in favor of the four minor children of Jacob Jacobsen, an employee of the Utah Fuel Company, who died from accidental injuries received in the course of his employment. At the hearing it was admitted by the employer, a self-insurer, that the employee was accidentally killed in the course of his employment, and that the average weekly wage at the time of death was sufficient to entitle persons wholly dependent to the maximum compensation provided by law. The evidence is very meager, and shows merely that the four claimants were children of the deceased; that they and their mother, the wife of the deceased, had been deserted by him in Carbon county, Utah, a considerable time before his death, and that about a month after such desertion the children were taken by their mother to Seattle, Wash., where they now live with the mother and her parents; that a divorce action commenced by Jacobsen against his wife, Lavona Jacobsen, was pending in the district court of Carbon county, and had not been heard at the time of his death; that the employee was living with another woman who posed as his wife. This woman renounced any claim for compensation as a dependent. There is no proof that deceased had contributed anything to the support of the minors since the separation from his wife, and there is no competent evidence in the record as to the financial condition of the minors or of their mother nor how or by whom they have been supported.

Claim for compensation was filed with the Industrial Commission of Utah by the widow of the deceased for herself and the four minor children. By the award of the commission compensation was denied to the mother but allowed to the minors for the maximum amount provided by law. This appeal is by the employer to annul the award of compensation in favor of the minor children. The action of the commission in denying compensation to the widow of the employee is not before us.

The commission made findings as follows: "That the decedent on the date of his death left surviving him his wife, Mrs. Lavona Jacobsen; that he had not contributed to his wife's support for more than three years prior to his death. The decedent left surviving him four minor children, namely, Raymond L. Jacobsen, son, age 12 years, Carrol Jacobsen, son, age 10 years, Jack Jacobsen, son, age 8 years, and Robert Jacobsen, son, age 5 years, all of whom were dependent upon the decedent for their maintenance and support."

On this finding award was made as follows: "That compensation be and the same is hereby awarded to be paid by the Utah Fuel Company, for the death of Jacob Jacobsen, at the rate of $16 per week for a period of not to exceed 312 weeks for the benefit of the minor children named in Finding No. 3."

The issue presented by this review is a narrow one. Plaintiff urges that the finding of dependency is not supported by any evidence. Defendants contend that the finding of dependency is sufficiently supported by proof that claimants are the children of the deceased to whom he owes a legal duty of support, who have been, without fault on their part, living apart from him and receiving no support from him within a period of four years prior to his death.

The statute defining dependents, so far as applicable, is as follows (Comp. Laws Utah 1917, § 3140, as amended by Laws Utah 1919, c. 63):

"The following persons shall be presumed to be wholly dependent for support upon a deceased employee: * * *

"(b) A female child or female children under the age of eighteen and a male child or male children under the age of sixteen years (or over such ages if physically or mentally incapacitated from earning) upon the parent with whom he is living at the time of the death of such parent.

"In all other cases, the question of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case existing at the time of the injury resulting in the death of such employee, but no person shall be considered as dependent unless a member of the family of the deceased employee, or bears to him the relation of husband or widow, lineal descendent, ancestor, or brother or sister. * * *"

It is conceded that the facts do not bring this case within subdivision (b) of the statute quoted because the children were not living with the employee at the time of his death. The dependency of these children cannot therefore be presumed by virtue of the relationship, but is to be determined "in accordance with the facts * * * existing at the time of the injury resulting in the death of such employee." The burden of establishing dependency is upon the applicants. *Utah-Apex Mining Co.* v. *Industrial Commission*, 64 Utah 221, 228 P. 1078.

Two legal propositions are argued by the plaintiff in its brief: (1) Is the finding of dependency supported by proof that claimants are children of the employee living separate and apart from him without fault on their part? and (2) Can an award be made in favor of such children as dependents where the father in disregard of his legal obligations had not actually supported the children over a period of four years next preceding his death? As to the first proposition, it is plainily deducible from the statute that dependency is not presumed from or established by proof of the existence of the relation of father and child, unless the children are living with the father at the time of his death, and, when not living together, dependency is not established, unless facts tending to show dependency, in ad-

dition to the legal duty to support, are proved. *Utah-Apex Mining Company* v. *Industrial Commission,* 66 Utah 529, 244 P. 656. Undoubtedly, where the fact of relationship is shown, there arises the legal duty on the part of the father to support his children and a corresponding right on the part of the children to demand and possibly compel such support. This duty and this right are established by proof of the relationship without other facts. Dependency is something different from the right to have support or the duty of a parent to support his children. The word "dependent" ordinarily means the need of aid or support, not selfsustaining. A dependent person is one who has not the means of his own to support himself. A total dependent is one who has no means whatever by which to support himself. A partial dependent is one who has some means but not sufficient for his support. *Kennedy* v. *Keller,* 225 Mo. App. 561, 37 S. W. (2d) 452. This definition is not intended to be exclusive. Under other circumstances and conditions, the definition may be broader. *Utah Galena Corporation* v. *Industrial Commission* (Utah) 5 P. (2d) 242. The question of dependency is one of fact which the commission must find from evidence introduced before it. From facts and circumstances in evidence the commission might find that the children of an employee living apart from him were either wholly or partially dependent or not at all dependent on him for support, according to the facts shown. Here the facts in the record are merely that these minors are children of the employee, that they had made no claim for support during the period of four years, that is, there is no evidence that any such claim was made, and were being supported without his aid shown by admission of counsel that no support was furnished by deceased. The attorney for the defendants, in speaking of their support during that period of time, said the children were being supported, but "how or by whom I don't know." One inference from this evidence would be that the children have no need for support from the father, or, in other words, that they are not

dependent on him. How they have been supported and why no effort has been made by them or by any one in their behalf to require the father to support them is not shown.

The decisions of the courts in this country and in England are practically unanimous in holding in cases where dependency rests on facts, not presumption, that a finding of dependency cannot rest alone on proof of relationship of the parties, but that, in addition thereto, there must be introduced in evidence some facts showing that the right to support has some practical value. The mininum requirement is that there must be shown a reasonable probability that the obligation of the parent will be fulfilled. *Glaze* v. *Hart*, 225 Mo. App. 1205, 36 S. W. (2d) 684; *Ocean Accident & Guarantee Corp.* v. *Industrial Commission*, 32 Ariz. 54, 255 P. 598; Id., 34 Ariz. 175, 269 P. 77; *Young* v. *Nid 3 drie & Benhar Coal Co., Ltd.*, 603 B. W. C. 774. See cases cited in *McGarry* v. *Industrial Commission*, 63 Utah 81, 222 P. 592; Id., 64 Utah 592, 232 P. 1090, 39 A. L. R. 306. The rule is stated by Mr. Justice Cherry in *Utah Apex-mining Company* v. *Industrial Commission*, 66 Utah 529, 244 P. 656, 657, as follows:

"In cases where the employee upon whom the legal duty of support rests has deserted his dependents, and has wrongfully evaded or neglected his obligation to them, it is a proper inquiry whether the facts and circumstances warrant the reasonable probability that the legal obligation would have been enforced in future. And it can easily be supposed that when such reasonable probality exists, a state of dependency, under the statute, might be found."

The right of support is a valuable asset which belongs to the children and which they have a right to realize on either presently or in the future. The right might have been enforced during the four years previous to the father's death, but no attempt, so far as shown, was made to do so. There is, however, in the evidence not anything shown on which to rest a finding that this right is of practical value or that it is reasonably probable that the obligation of the father would be fulfilled. The mere fact

that the father is legally and morally bound to support his children does not necessarily establish that they are either partly or wholly dependent on him. The precise legal question here presented was before this court in *Utah-Apex Mining Company* v. *Industrial Commission,* supra, from which we have quoted. In that case the applicant was a widow of the deceased employee who had been living separate and apart from him for more than two years next preceding his death. The statutory language with respect to dependency is the same whether the applicant is a widow or a minor child, and the construction and application of the statute must be the same in either case. There is a difference in respect of the situation of the parties. A widow may for herself either assert or expressly or by conduct waive her right of support against a husband, while children of tender age have no capacity to either themselves assert or to waive their right to support by the father, and are not necessarily bound by the failure of the mother or other person to assert their rights for them. In the Utah-Apex Case this court concluded that there was no evidence in addition to evidence of legal duty of deceased to support his wife which would support a finding that there was reasonable probability that that duty would be fulfilled either voluntarily or involuntarily, and hence vacated the award. It is clear the holding in that case was that legal duty, standing alone, is insufficient to support a finding of dependency.

The same rule was announced in the case of *McGarry* v. *Industrial Commission,* which twice came before this court, 63 Utah 81, 222 P. 592, 593; *McGarry* v. *Industrial Commission* (2d Appeal), 64 Utah 592, 232 P. 1090, 1093, 39 A. L. R. 306. That case involved the claim of a minor child, seven years of age, whose father deserted it and its mother left for parts unknown, and concealed his identity and whereabouts for six years next preceding his death. The mother of the claimant obtained a divorce from her husband in the meantime. The facts in the first McGarry Case were almost identical with those disclosed by the record before

us. The only essential differences are that there the wife had obtained a divorce from her husband while here a divorce case was pending at the time of the employee's death, and there the employee had concealed his whereabouts and identity while here the employee retained his own name and remained at the same place of residence. The Industrial Commission in the McGarry Case awarded compensation to the minor claimant, but the award was vacated by this court. The court said:

"If the Commission assumed that the case falls within the provisions of the first paragraph of subdivision (b), which seems probable, the assumption is without foundation, for the reason that the uncontradicted evidence shows that the boy was not living with deceased at the time of his death, and had not been living with him for a period of six years or more previous to, that time. If the Commission assumed that the case falls within the provision of the second paragraph of subdivision (b), then no facts are shown other than the relationship of parent and child from which dependency can be inferred."

The opinion proceeds to review and analyze the cases and authorities, all of which are cited in the briefs before us, and to express an opinion in advance as to the kind and character of evidence, necessary to support a finding of dependency, which should be shown in addition to the mere fact of relationship and legal duty. The decision concludes as follows:

"We have assumed in this case to express our views in advance, because we are of opinion the Commission inadvertently adopted an untenable theory in disposing of the case. As to whether or not the circumstances of the minor child John Calvin Bradley are such as to make him a dependent in fact we are unable to determine, because, as before suggested, it does not appear that that question was considered by the Commission. Neither the facts found by the Commission nor the evidence discloses the pecuniary circumstances of the minor child or his mother."

In the second McGarry Case, supra, the award was annulled because the commission had conducted its hearing in the state of Idaho, outside its jurisdiction, which could

not be done over objection by the employer. The opinion indicated that the additional evidence obtained at such hearing, if brought into the record by proper procedure, was sufficient to support the award. The court said:

"Our decision upon review of the first award was primarily based upon the fact that there was nothing to show that the applicant was in needy circumstances or that his mother who had obtained a divorce from her husband, was not abundantly able to support herself and the child. In other words, there was nothing to show that the child was actually dependent upon any one, unless it might be his mother, for support and maintenance. It is now made to appear that the child had no means of its own; that its mother was unable to support it entirely and she was compelled to obtain assistance from the county to the extent of many hundreds of dollars. The child was only 3 or 4 years of age at the most when its father entirely abandoned it and its mother. Human experience teaches us that a child of that age, or even of the age it is now, is practically helpless, and the lexicographers of the English language generally give to the word 'dependent' a definition which covers and includes a helpless infant. The Industrial Act of Utah does not state the circumstances and conditions under which an actual dependency may be established. It does not make actual dependency depend upon some support furnished the applicant by deceased down to a recent date, nor has any respectable authority had the temerity to so interpret industrial acts unless the act itself prescribes such limitation, as in most of the states of the Union. See Hill-Wilkin, Workmen's Compensation Statute Law, 1923."

For the reasons stated, it is necessary that this award be annulled and the case remanded for further proceedings.

The other question raised should be disposed of. It is urged by plaintiff that in a case of this kind, where the father failed to contribute anything for the support of his children over a period of three or four years, that "the measure of the award is the actual dependency of the child commensurate with past contributions of the deceased parent and where the deceased father in disregard of his legal obligation had not actually supported the child no award can be made." This clearly is not the law. The law does not limit dependency of minor children living apart from the parent to cases where actual support, or con-

tributions toward support, have been furnished. 1 Honold, Workmen's Compensation, § 82. The failure to make contributions is a circumstance which may be considered by the commission, but is not conclusive against the claimant. This court, speaking through Mr. Justice Thurman, held against this contention in unmistakable language in the first McGarry Case as follows:

"There is no question in this case as to the legal liability of the father to support his minor child. It is even made a felony in Utah, punishable by fine or imprisonment, or both, for one to willfully neglect to provide support and maintenance for his minor child. Comp. Laws Utah 1917, § 8112, as amended by c. 148, Sess. Laws Utah 1921. In the absence of evidence to the contrary, it is presumed that the law of Idaho is the same. It is also reasonable to presume from the facts hereinbefore detailed that the applicant in this case would have enforced the legal right of her child to the support and maintenance which the law imposed upon his father if she had had the opportunity. The legal right existed and had some potential value, but the opportunity to enforce it was wanting, solely because the deceased had surreptitiously deserted and abandoned both mother and child. As contended by counsel for applicant, it would indeed be a reproach to the lawmakers of the state if it could be successfully contended under the provisions of our Industrial Act that a minor child might be a dependent and entitled to compensation if the father had only performed his legal duty during his life, and furnished or promised the child some support, but because the father failed in his legal duty, even to the point of violating the criminal laws of the state, therefore the child should not be held to be a dependent entitled to compensation; yet such is the interpretation plaintiffs would have this court give to the statute under review. Inasmuch as we are not compelled to do so by the plain meaning of the language employed, we are not inclined to so interpret the statute. Besides this, we know of no authority which holds that the furnishing of support during the life of deceased is absolutely essential to the establishment of actual dependency."

These views were reaffirmed in the second McGarry Case as follows:

"We are inclined to the views intimated in our former opinion, that where a mere infant, incapable of supporting itself and not competent either to claim or waive a right under the law, is abandoned by its father, whose duty under the law during his life was to support

the child, such child, upon his father's death, within the purview of the Utah Industrial Act, becomes an actual dependent without regard to the question as to whether he has received or had the promise of support. Whether such child is wholly or partially dependent, of course, depends upon the facts of the particular case."

It may be said that these statements in the opinions in the McGarry cases were not necessary to the decision of either case. Nevertheless, what was there said is amply supported by authority and what we deem to be correct and logical reasoning. *Merrill* v. *Penasco Lumber Co.*, 27 N. M. 632, 204 P. 72; *Ocean Accident & G. Corp.* v. *Ind. Com.*, supra, 32 Ariz. 54, 255 P. 598; Id., 34 Ariz. 175, 269 P. 77; *Parson* v. *Murphy*, 101 Neb. 542, 163 N. W. 847, L. R. A. 1918F, 479; *Kennedy* v. *Keller*, supra; *Dobbies* v. *Egypt & Levant Steamship Company, Ltd.*, 50 S. L. R. 222; 6 Butterworth's Workmen's Compensation, 348.

It is to be regretted that certain facts which appear to be available were not brought into the record by competent evidence. There are letters in the file of the commission which indicate that proof was at hand, if any one had taken the trouble to obtain and present it, that the mother was without means, that the children had no estate of their own, and that they were being supported in an inadequate manner by their grandparents. There is also a statement in the letter from the woman who had been living with the deceased employee that he had sent money monthly "to a Mrs. L. Roberts for the support of the children." In another letter to the Industrial Commission from the local attorney of defendants, it is stated that the Seattle attorney says the children are living with "applicants' mother, a Mrs. Roberts." These letters were not introduced in evidence. No admissions were made by plaintiff with respect to the facts stated therein, and, of course, in their present form are wholly incompetent as evidence, and cannot be relied on to support the finding of dependency. If such facts had been shown by competent evidence or had been admitted by the

employer, the case would present an entirely different aspect.

The award of the Industrial Commission is annulled, and the cause remanded for further proceedings.

CHERRY, C. J., and STRAUP, ELIAS HANSEN, and EPHRAIM HANSON, JJ., concur.