### ELLEN N. SMITH *vs.* AMOZ SMITH.

Dukes County. October 28, 1890. — September 1, 1891.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Separate Maintenance — Notice — Condonation.*

A wife, who is actually living apart from her husband for a justifiable cause, can maintain a petition for separate support under the Pub. Sts. c. 147, § 33, even though at the time of her filing her petition he had no notice, express or implied, that she was so living.

A wife, having suffered personal violence at her husband's hands, thereafter slept in another house and denied him access, though daily going to his house and performing all her duties there. After finishing her work one evening as usual, she left his house and never returned, and on the following day filed her petition in the Probate Court for separate maintenance. *Held*, that a finding was warranted that she was living apart from her husband when she filed her petition; and that it could not be said, as matter of law, that she had condoned her husband's misconduct.

PETITION by a wife to the Probate Court for separate maintenance and the custody of children.

In the Superior Court, on appeal, before *Barker*, J., it appeared in evidence that the parties were husband and wife, and

before October 14, 1889, lived together on a farm near Edgartown, in a dwelling-house situated about one hundred feet from that of the respondent's father, and in the same yard. There was also evidence, which was contradicted, that on several occasions from August 18 to November 29, 1889, the respondent addressed profane language to the petitioner, and, when provoked by her, was guilty of various acts of personal violence towards her. The evidence also tended to show that after October 14, 1889, the petitioner each night went to the house of the respondent's father and there slept, and did not again sleep in the same house with the respondent, and thenceforward denied him access; that each morning before breakfast she came to the respondent's house and prepared the breakfast for the household, and throughout the day performed all her usual duties about the house and in the care of the children, until in the evening again she went to her father in law's house to sleep; that she pursued this routine daily until the evening of December 20, 1889, when, after getting supper and putting the children to bed, she went to the other house, where she slept; that on the morning of December 21 following, without returning to the respondent's house, or notifying him of her change of plans or intention, she went to Edgartown and filed this petition in the Probate Court.

The judge found that during the period from October 14 to December 21, so far as her husband was concerned, she had the intention of making an absolute separation between them, and simply waited for what seemed to her a favorable and proper opportunity to make that separation. The judge refused to rule, as requested by the respondent, among other things, as follows:

" 1. That although the wife occupied a separate bed in the house of her father in law, near by in the same yard, the parties were not during that period, to wit, from October 14, 1889, actually living separate and apart from each other. That during that period they were living together, within the meaning of the law.

" 2. That to constitute the condition of actually living separate and apart from each other, within the meaning of the statute, there must have been some continuity. It must have

existed a period of at least twenty-four hours, and the respondent submits that the undisputed facts in evidence show that they were living together up to the morning of the day she signed her petition. . . .

"4. That, upon the facts shown, the parties were not actually living separate and apart from each other at the time she signed the petition.

"5. That from and after November 29, the evidence does not disclose any plausible cause for her to leave her husband; that her acts subsequent to that time, and up to December 21, show that she had condoned any act of his of which she might complain, and for that reason she cannot maintain her petition for the causes relied upon. . . .

"7. That, upon the whole evidence, the petitioner has not shown sufficient cause for any decree in her favor under the statute, and that, as matter of law, taking the whole evidence into account, the respondent is entitled to a decree that the petition be dismissed."

The judge ruled that it was competent for him to find upon the evidence that she was, at the time of bringing her petition, actually living separate and apart from her husband; and that he was not required, as matter of law, to find that the petitioner had condoned her husband's misconduct.

The judge made a decree in favor of the petitioner; and the respondent alleged exceptions.

The case was argued at the bar in October, 1890, and afterwards, in June, 1891, was submitted on the briefs to all the judges.

*J. Brown & R. C. Brown*, for the respondent.

*W. H. Powers*, for the petitioner.

KNOWLTON, J. If in this case we assume in favor of the respondent that the respondent and his wife were not living apart from each other while she was accustomed daily to go to his house and perform household duties there, it does not follow that the petition must be dismissed. The presiding justice found as a fact, upon evidence which was sufficient to warrant the finding, that the respondent's conduct was such as to justify his wife in living separate and apart from him. He further found that, while she was sleeping away from her husband in

his father's house, and daily going to her husband's house to attend to her duties there, " she had the intention of making an absolute separation between them, and simply waited for what seemed to her a favorable and proper opportunity to make that separation." After finishing her work, and going to the house of her husband's father one night, as usual, she ceased to attend at the home of her husband, and on the following day went away and filed her petition in the Probate Court.

The judge ruled that it was competent for him " to find, upon the evidence, that she was, at the time of bringing her petition, actually living separate and apart from her husband." Under the circumstances, the judge might well have believed that, when she left her husband's house on the evening before commencing her suit, she had no intention of returning, but intended to make her home at his father's house, where she was then lodging. When she filed her petition she was in fact not only sleeping, but taking her meals, away from her husband's home, and she has not lived with him since.

The court found that she did not communicate to her husband her intention of making an absolute separation between them, and there is no evidence that, after she ceased to attend to the affairs of his house, he had any notice of her intention to change her relations with him until after she filed this petition. The important question in the case is whether a wife can file a petition under this statute on the ground that she is actually living apart from her husband for a justifiable cause, without first giving him notice, express or implied, that she is so living. Following strictly the language of the statute, nothing is required as a preliminary to the petition but actually living apart from her husband for justifiable cause. The statute is a remedial one, for the benefit of wives and children. It will seldom happen that a wife will be living apart from her husband without his knowledge, but if she is, we see no reason for importing into the law by judicial construction what is not written there. If a suit is brought which the husband has no reason to anticipate, he can suffer nothing beyond being compelled to furnish her support away from him, if the court thinks she is entitled to it. There may be cases when it would be important to the wife, in view of an expected conveyance by the husband of his property, to be

able to obtain security by attachment for her support immediately after beginning to live apart from him, and when by reason of his absence, or for some other cause, he would have no notice that she had ceased to live with him.

We are of opinion that the statute permits the commencement of a suit immediately after a wife has begun actually to live apart from her husband for justifiable cause, even though he has no knowledge of it.

It cannot be said, as matter of law, that the petitioner condoned the unlawful acts of her husband.

In view of the findings of fact made by the presiding justice, a majority of the court are of opinion that the respondent was not injured by anything that occurred at the trial.

*Exceptions overruled.*