## ANDERSON v. ANDERSON.

No. 3305.  Decided April 7, 1919.  On Application for Rehearing May 27, 1919.  (181 Pac. 168.)

1. HUSBAND AND WIFE—SEPARATE MAINTENANCE. In an action by a wife for separate maintenance, evidence *held* to sustain a finding that plaintiff lived separate and apart from the defendant without her fault.  (Page 311.)

2. HUSBAND AND WIFE—SEPARATE MAINTENANCE—GROUNDS FOR. If the conduct of a husband toward his wife is such as to legally entitle her to live separate and apart from him, she is entitled to separate maintenance, regardless of whether or not the husband deserted her, or whether he refused to maintain her.[1]  (Page 312.)

3. HUSBAND AND WIFE—SEPARATE MAINTENANCE—ALIMONY—RESTRAINT UPON ALIENATION OF PROPERTY. In suits by wife for separate maintenance, where alimony is allowable, in order to insure its payment, equity will enjoin the husband from alienating or incumbering his property without leave of court, under Comp. Laws 1917, sections 3000, 3011-3013.  (Page 312.)

4. HUSBAND AND WIFE—SEPARATE MAINTENANCE—ATTORNEY'S FEES. In an action by a wife for separate maintenance, trial court was empowered, either independently, or by Comp. Laws 1917, sections 2998, 3010, 3011, either before or at the conclusion of the trial, to allow her attorney's fees.  (Page 312.)

5. HUSBAND AND WIFE—SEPARATE MAINTENANCE—ATTORNEY'S FEES —REASONABLENESS—JUDICIAL KNOWLEDGE. In an action for separate maintenance, the trial court had the right to consult its own experience and knowledge, without taking testimony as to what was a reasonable attorney's fee in the particular case.  (Page 312.)

On Application for Rehearing.

6. HUSBAND AND WIFE—SEPARATE MAINTENANCE—RESTRAINING DEFENDANT FROM DISPOSING OF PROPERTY. A judgment for plain-

---

[1] *Willardson* v. *Willardson*, 52 Utah, 96, 172 Pac. 719.

tiff, in an action by a wife for separate maintenance, will not be modified on appeal, although it unnecessarily restrains defendant from disposing of any part of his property; it being assumed that the trial court, which retains jurisdiction of the case, will, upon due application and a proper showing, qualify its decree at any time in such manner as the circumstances of the parties and condition may in justice require. (Page 313.)

Appeal from District Court, Third District, Salt Lake County; *Wm. H. Bramel,* Judge.

, Suit by Bertha G. Anderson against Robert G. Anderson. Decree for plaintiff, and defendant appeals.

AFFIRMED.

*Soren X. Christensen* and *Chris Mathison,* both of Salt Lake City, for appellant.

*F. B. Scott* and *David H. Cannon,* both of Salt Lake City, for respondent.

CORFMAN, C. J.

Plaintiff brought suit against the defendant, her husband, for separate maintenance. The grounds alleged were cruelty. The defendant denied cruelty. The trial court found the issues for the plaintiff, and by its decree awarded her separate maintenance, attorney's fees and costs. The court ordered that the defendant be restrained from disposing of or incumbering his property without leave of court. It was also decreed that the alimony awarded the plaintiff should be a lien and charge upon the defendant's property until the further order of the court. Defendant appeals.

The defendant complains that the trial court erred and assigns as grounds for reversal the following: (1) That the evidence is insufficient to sustain the finding of the court that the plaintiff, without her fault, lives separate and apart from

the defendant; (2) that the court erred in failing to make findings on the issues whether the defendant had without cause deserted the plaintiff, and whether defendant, having the ability, had neglected to provide for and suitably maintain the plaintiff; (3) that the court erred in ordering that the defendant be restrained from disposing of or incumbering his property without leave of court; (4) that the court erred in adjudging the alimony decreed to be a lien on defendant's property until the further order of the court.

(A) The first and principal contention made by defendant has necessitated our reviewing the testimony. After so doing we would not feel justified in holding that the decision of the trial court is not supported by a fair preponderance of the testimony. It is apparent, however, that in some measure, at least, the plaintiff was not entirely without fault. The testimony shows that oftentimes the differences between the parties were over matters trivial in nature, and in the disputes that followed they were equally to blame. However, on several occasions, the defendant, without sufficient cause or excuse, commanded the plaintiff to leave the house to "get out and go—get out of my house; I don't want you sticking around here; rustle your own living." Again, the plaintiff testified, referring to the defendant's attitude toward her in the home: "He told me time and again to get out and go; that he was through with me." The plaintiff further testified that on these and other occasions referred to in the testimony the defendant's attitude towards her was such that she became so nervous and sick as to require medical aid and treatment. There is also testimony in the record tending to show that the plaintiff on these occasions endeavored to effect a reconciliation with the defendant, without avail. Indeed, during the progress of the trial, after the defendant expressed a willingness to live with the plaintiff, the court afforded the parties an opportunity to adjust their differences, when, instead of trying to effect a reconciliation, the defendant indulged himself in making accusations against the plaintiff of improprieties and misconduct with another man. As we view the testimony, the attitude of the

defendant towards the plaintiff was such as to compel her to live separate and apart from him without fault on her part. It is wholly unnecessary to refer to and discuss the testimony in detail. Suffice it to say there is ample proof pointed out to sustain the trial court's findings and decision that the plaintiff lives separate and apart from the defendant without her fault.

(B)   It follows from what has already been said that there is no merit in the defendant's contention that the trial court erred in failing to expressly find that the defendant had without good and sufficient cause deserted the plaintiff, and whether the defendant, having sufficient ability, had neglected or refused to provide and suitably maintain the plaintiff.

It is fundamental that, if the conduct of the defendant towards the plaintiff was such as to legally entitle her to live separate and apart from the defendant, she would be entitled to separate maintenance, regardless of whether or not the defendant deserted the plaintiff, or whether he had refused to maintain her. Plaintiff's action was predicated on cruelty, not on the ground of desertion or failure to provide. *Willardson* v. *Willardson,* 172 Pac. 719; *Smith* v. *Smith,* 154 Mass. 262, 28 N. E. 263.

(C)   As to the third and fourth contentions made by defendant we think the rule is firmly established that in suits of this nature, where alimony is allowable, in order to insure its payment, equity will enjoin the husband from alienating or from incumbering his property without leave of court. 2 Bishop, M., D. & S. sections 1106, 1107. Moreover, Comp. Laws Utah 1917, sections 3011, 3012, 3013, and 3000 expressly so provide.

(D)   There is absolutely no merit in the contention made that the plaintiff is not entitled to the attorney fee allowed her by the trial court. We think the trial court was empowered to make the order concerning attorney's fees under Comp. Laws 1917, sections 2998, 3010, and 3011, either before or at the conclusion of the trial. Independent of statute, under the rules of the common law, the plaintiff was entitled to employ counsel and render the de-

fendant liable to pay for the services rendered by him in her suit. 2 Bishop, M., D. & S. section 992. So, too, had the trial court the right to consult his own experience and knowledge, without taking testimony, as to what was reasonable in the particular case. *Peyre* v. *Peyre,* 79 Cal. 336, 21 Pac. 838.

The plaintiff, on the appeal to this court, made and filed certain cross-assignments of error. After reviewing the record, we can arrive at no other conclusion than that the judgment and decree rendered in plaintiff's favor was right and should be affirmed. We therefore need not enter upon a discussion of plaintiff's cross-assignments.'

It is ordered that the judgment and decree of the district court be affirmed; costs to respondent.

FRICK, WEBER, GIDEON, and THURMAN, JJ., concur.

ON APPLICATION FOR REHEARING.

CORFMAN, C. J.

Counsel for defendant has filed a petition for rehearing. The matters complained of in the petition were all given due consideration in our former opinion, and we still think we were right in the conclusions arrived at.

Defendant seriously complains of the order of the district court enjoining him from incumbering, selling or otherwise disposing of any of his property and in making the award for the separate maintenance of the plaintiff a lien thereon.

It seems hardly necessary to thus incumber and enjoin the sale and disposal of all of the defendant's property in order to secure the prompt payment of the award for separate maintenance of the plaintiff. However, the district court will, as is usual, retain jurisdiction of the case, and we have no doubt that upon due application and a proper showing made that court will be disposed to qualify its decree at any time and in such manner as the circumstances of the parties and conditions may in justice require.

We therefore decline to order a modification of the decree of the district court as rendered, and order that the defendant's petition for a rehearing be denied.

FRICK, WEBER, GIDEON, and THURMAN, JJ., concur.