## UTAH FUEL CO. v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 5426.  Decided December 4, 1933.  (27 P. [2d] 434.)

*H. J. Binch,* of Salt Lake City, for plaintiff.

*Joseph Chez,* Atty. Gen., and *Grover A. Giles,* Deputy Atty. Gen., for defendants.

ELIAS HANSEN, Justice.

In this proceeding plaintiff seeks a review and an annullment of an award of compensation whereby the Industrial Commission of Utah directed plaintiff company to pay to defendants Raymond L. Carroll and Robert Jacobsen, minors, the sum of $16 per week for a period of not to exceed 312 weeks.  This is the second time this cause has been before us for review.  On the former review an award of compensation was annulled and the cause remanded to the commission for further proceedings.  80 U. 301, 15 P. (2d)

297, 298, 86 A. L. R. 858. After the remittitur of the former opinion was filed with the commission, the cause was again set for hearing and notice thereof given to the parties interested. A hearing was had and additional evidence in the form of depositions was offered and received. The commission made written findings of fact, conclusions of law, and an award, which were substantially the same as those which were before us on the former review. The commission in substance found: That Jacob Jacobsen was killed in the course of employment with the plaintiff; that the plaintiff company was at the time Mr. Jacobsen was killed, a self-insurer subject to the Industrial Act of this state (Comp. Laws 1917, § 3061 et seq., as amended). That Mr. Jacobsen left surviving him his widow, Lavona Jacobsen, and four minor children, Raymond L. Jacobsen, a son, aged 12 years; Carroll Jacobsen, a son, aged 10 years; Jack Jacobsen, a son, aged 10 years; and Robert Jacobsen, a son, aged 5 years. That at the time of the death of their father the four children were being supported through charity, and that their necessities "were such that they required their father, the deceased herein, to support them and were wholly dependent upon him for their maintenance and support"; that one of the children, Jack Jacobsen, died after the death of the father; that at the time of his death, Jacob Jacobsen was receiving such wages that his dependents were entitled to the maximum amount of compensation allowed by the Industrial Act in the sum of $16 per week. The commission directed the plaintiff company to pay that amount for the support of the three surviving minor children. No finding was made as to the dependency of the widow and no award was made to her. No complaint is made by her or any one else because of the failure of the commission to award her compensation.

Plaintiff's sole ground of complaint on this review, as on the former review, is that the evidence is insufficient to support the award, in that it does not show that the children were dependent upon their father for their support and

maintenance at the time of his death within the meaning of the Industrial Act.

The evidence now before us touching that question is to the following effect: Mr. Jacobsen resided with his wife and children at Hiawatha, Carbon county, Utah, until his family moved to Seattle. While at Hiawatha he, in search of work, occasionally left them at that place but returned to visit them. Finally, about four years before the death of Mr. Jacobsen, the public authorities of Carbon County, Utah, sent Mrs. Jacobsen and the children to Seattle, Wash. They remained there, and so far as appears Mr. Jacobsen, did not see any of the members of his family after they left Utah. Upon their arrival at Seattle, Mrs. Jacobsen and her children resided with her father and mother. Mrs. Jacobsen testified that after going to Seattle she received letters from her husband and sometimes he sent a small amount of money. Her evidence fails to disclose the amount of money sent, the frequency with which it was sent, or when with respect to the death of Mr. Jacobsen the last money was sent. For about six months after Mrs. Jacobsen and the children arrived in Seattle, her father assisted in supporting her and the children. The father, however, suffered a paralytic stroke and was sick about one and one-half years when he died. The children and Mrs. Jacobsen continued to live with her mother, Lula Roberts, at Seattle, Wash. After the death of her father, Mrs. Jacobsen and her children were supported by public charity excepting for such aid as may have been given by Mr. Jacobsen prior to his death. It is made to appear that when the depositions which were received in evidence were taken in January of this year, Mrs. Jacobsen and the children were in destitute circumstances. They owned no property. Mrs. Jacobsen was in poor health and unable to do anything except assist in keeping house for the children. None of the children worked. They and their mother were all supported by public charity. The evidence further shows that prior to his death Mr. Jacobsen had commenced a suit

for divorce from his wife. Summons had been served upon Mrs. Jacobsen. The divorce proceedings were pending when Mr. Jacobsen was killed. No divorce was granted. For some time prior to his death, the exact time not appearing, Mr. Jacobsen had been living with another woman as his wife. She, however, made no claim for compensation. Mrs. Jacobsen testified that she did not know that her husband had been living with another woman. Just prior to his death Mr. Jacobsen was earning $45 per week.

It was upon substantially the foregoing facts that the commission concluded that the minor children were wholly dependent upon Mr. Jacobsen for their support and maintenance at the time of his death. While there is no direct evidence that neither Mrs. Jacobsen nor any of the children had any property at the time of the death of Mr. Jacobsen, it does appear that they were sent to Seattle by the public authorities; that for the most part they were supported by public charity after they arrived in Seattle; and that they were without property at the time their depositions were taken in January of this year. Under our Industrial Act the right, if any, to compensation of those who claim to be dependents of a deceased person is fixed as of the time of the death of such person and not because of conditions existing some years thereafter. Laws Utah 1919, chap. 63, § 3140, p. 163. No claim, however, is made by plaintiff company that either Mrs. Jacobsen or any of the children were possessed of any property at the time Mr. Jacobsen was killed. It is a fair inference to be drawn from the evidence that neither Mrs. Jacobsen nor any of the children were the owners of any property other than their personal effects at the time Mr. Jacobsen received the injuries which resulted in his death.

When this cause was before us on the former review the law applicable to a state of facts similar to those presented by this record was discussed at some length. It is not necessary to repeat what is there said. It is necessary, however,

in our discussion of the case now made to have in mind the law announced in the former review. It is there said:

"* * * Where dependency rests on facts, not presumption, * * * a finding of dependency cannot rest alone on proof of relationship of the parties, but that in addition thereto, there must be introduced in evidence some facts showing that the right to support has some practical value. The minimum requirement is that there must be shown a reasonable probability that the obligation of the parent will be fulfilled."

In the instance case, upon the record now made it is clear that the children required support and maintenance and that their mother was and is unable to provide them with their necessities. As heretofore indicated in this opinion, it is a fair inference to be drawn from the evidence that the same conditions existed at the time Mr. Jacobsen was killed as existed later. Plaintiff makes no claim to the contrary on that phase of the case, but does contend that the evidence does not show a reasonable probability that the father, had he lived, would have provided for his children, or that the right of the children had any practical value. We are not prepared to say upon this record that the evidence fails to show that the children's right to the support and maintenance of their father was without practical value. Mr. Jacobsen was apparently able-bodied. He was 33 years of age. At the time he received the fatal injuries he was earning a wage of $45 per week. While it appears that Mr. Jacobsen gave but meagerly towards the support of the children during the three or four years immediately preceding his death, it is a fair inference to be drawn from the evidence that he had the ability to render them substantial aid. It does not follow that the right of the minor children to the support and maintenance of their father is without practical value merely because he gave but little towards their support during the last few years of his life. Had proper proceedings been taken to compel Mr. Jacobsen to perform his duty to his children to provide them with the necessities of life, it may well be that the

children would have realized a substantial amount. The children being minors had not and could not waive their right to the support of their father.

The award is affirmed with costs.

STRAUP, C. J., and FOLLAND, EPHRAIM HANSON, and MOFFAT, JJ., concur.