# LLEWELYN v. INDUSTRIAL COMMISSION et al.

No. 7166.   Decided January 27, 1949.   (202 P. 2d 160.)

See 42 C. J. S., Husband and Wife, sec. 627; 58 Am. Jur. 692. Despondency within workmen's compensation acts, note, 100 A. L. R. 1100.

*Dwight L. King,* of Salt Lake City, for plaintiff.

*Grover A. Giles,* Atty. Gen. and *Skeen, Thurman & Worsley, Earl Groth and Robert Spooner,* all of Salt Lake City, for defendants.

PRATT, Chief Justice.

In this case Winnetta J. Llewelyn, the widow of Isaiah J. Llewelyn, deceased, seeks compensation as a dependent under Section 42-1-67, U. C. A. 1943 (of our Industrial Accident Code). The Industrial Commission denied her compensation for the following reason, as they state it:

"That the applicant was not living with the deceased at the time of his accident or his death; that she received no support whatever from him for several years prior to his death; that she was therefore not dependent upon deceased for support, at the time of his accidental injury and death."

Section 42-1-67, U. C. A. 1943 defines dependents and has the following to say about a wife:

"The following persons shall be presumed to be wholly dependent for support upon a deceased employee:

"(1) A wife upon a husband with whom she lives at the time of his death. * * *

"In all other cases, the question of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case existing at the time of the injury resulting in the death of such employee,  *  *  *."

Applicant was not living with her husband at the time of his death. In 1936 she obtained a decree of separate maintenance from the deceased by which decree he was required to pay her $25.00 per month. Deceased was injured December 1, 1946, and died March 27, 1947. The hearing before the Commission took place in November and December, 1947. Applicant did not live with deceased after the 1936 decree. The last five years of the time since the decree she received nothing from him, but prior thereto she had collected $200.00 to $225.00 by legal proceedings against him to enforce the decree. Included therein was a garnishment of his wages. Except for the time around his injury and death, she had worked steadily and earned as high as $75.00 per month. At the time of the hearing she was not working. She states that this was on account of her age. She has no independent income or property and has at times received support from their children, who are grown and some of them married. Her son was in the war but made no allotment to her then as she was earning her own living. The decree of separate maintenance is still in full force and effect.

Deceased was a man of 62 years of age, earning at the time of his injury and death approximately $150.00 per month.

The Commission erroneously sustained an objection to the introduction of the findings, conclusions and decree of separate maintenance, so that the facts above set out as to them rest solely upon oral testimony—not, of course, the best evidence thereof. Such oral testimony, however, is uncontroverted—in fact, there is no dispute in this case over its facts pertaining to dependency.

The question is one of law: Are those facts sufficient to show that applicant was dependent upon deceased at the time of his injury?

We invite attention to the following decisions of this court, not only for the principles therein ennunciated, but for the references therein to other decisions upon the question of dependency: *Utah Apex Mining Co.* v. *Industrial Commission*, 66 Utah 529, 244 P. 656; *American Smelting & Refining Co.* v. *Industrial Commission*, 68 Utah 383, 250 P. 651 (length of time of non-support alone, not conclusive). *Diaz* v. *Industrial Commission*, 80 Utah 77, 13 P. 2d 307.

Before discussing the Industrial accident law, it seems advisable to consider the nature of a decree of separate maintenance, under our law.

Our Sections 40-4-1, 3 and 5, U. C. A. 1943, indicate that the foundation of an award of money for the support of the wife or husband in separate maintenance is that of dependency. The injured party legally escapes the necessity of living with the supporting party as a condition precedent to that support. The bonds of matrimony between the two are not severed. The court retains jurisdiction of the case to modify its allowance as the circumstances may justify. Sec. 40-4-3; *Anderson* v. *Anderson*, 54 Utah 309, 181 P. 168; *Cawley* v. *Cawley*, 59 Utah 80, 202 P. 10.

1, 2

Such presumably is the nature of the decree granted applicant in 1936. Let us assume then, that instead of the accident on December 1, 1946, the husband had presented to the court in which the decree of separate maintenance was rendered, an application for an order vacating the alimony provision on the grounds that applicant was no longer dependent upon him—would it have been granted? The applicant was out of work at that time; she had not collected anything from her husband for five years; for the first six years after the decree of 1936, she collected, by various legal proceedings against him, about the equivalent

of 9 months of payments; she had no income or property of her own; prior to December 1, 1946 her husband never made an effort to have her dependent status adjudicated to be different than in the 1936 decree; and prior to December 1, 1946, she had worked regularly for as high as $75.00 per month,—these certainly are insufficient facts to justify a finding of a change of circumstances adverse to her. Such an adjudication would be equivalent to throwing the wife upon relief.

In the case of *Diaz et al.* v. *Industrial Commission,* cited above, this court discusses various phases of the question so far as a wife living apart from the husband, without a separate maintenance decree is concerned. In that case we call attention to the fact that a failure of the husband to support his wife does not necessarily negative her dependency; and also that her actions in failing to seek support may evidence her acquiescence in his denial of his obligation. But the court in that case was not discussing a relationship where a court has already adjudicated dependency and ordered the husband to affirmatively act. It would seem that the adjudication of dependency in a separate maintenance decree should be presumed to continue until overthrown by evidence in negation thereof. The burden should be upon the shoulders of the one attacking the decree to prove that negative.

In the case of *Utah Apex Mining Co.* v. *Industrial Commission,* [66 Utah 529, 244 P. 658] cited above, this court discusses, inter alia, the probability of the wife, in the future, obtaining support from the husband either "voluntarily or involuntarily." Obviously, in the present case the support would not, in the future, have been voluntarily given; but certainly the chances of acquiring involuntary support from the deceased would have met with little difficulty where the status of dependency has been adjudicated and the husband is capable of supporting his wife. There is a distinct and reasonable probability that the obligation of support under such a decree would be satisfied by direction

of the court. The separate maintenance decree is evidentiary of the fact that the wife is rightly living separate and apart from the husband through no fault of her own, but is entitled to support. Upon the question of responsibility for separation there are innumerable authorities. See A. L. R. Digests under "Workmen's Compensation," Section 83. Our code section (cited) covering separate maintenance are predicated upon the idea that the separation is necessary due to the misconduct of one of the parties. When such a necessity has been adjudicated, the wife's separation should not be used against her as if she had voluntarily walked out of the home without cause.

A wife, under a separate maintenance decree such as in this case, is in a comparable position to the wife living with her husband—that is to say: A wife living with her husband raises a presumption of dependency under the statute; a wife living separate and apart from her husband under a separate maintenance decree has the dependency element determined by the decree. So far as the amount of dependency is concerned, that is to be determined as of the time of the injury.

Dependency and right to support are not, of course, synonymous. The wife, though not requiring the support of the decree, might be entitled to its benefits at least until the decree is modified. In the present case, however, the right to support at the time of the injury of the husband was concurrent with a proven condition of lack of independent means of support in the wife.

We are of the opinion that the facts of this case show, as a matter of law, that applicant, in spite of her separation from deceased in his life time, was his dependent.

Another issue has been raised in this case. The Commission found that deceased sustained an accidental injury arising out of or in the course of his employment and that as a result of that injury he died. When applicant filed a petition for rehearing, at-

tacking the Commission's finding that she was not a dependent of deceased, she included therein this statement:

"Applicant requests a rehearing solely and exclusively on the following question: * * *"

This is followed by a statement of the issue of dependency. In defendants answer they state:

"The defendants object to the findings of the Commission that the cause of death of the deceased was due to the injuries sustained in his employment. * * * Should application for rehearing be granted, the defendants demand the right to reopen the entire matter for the purpose of introducing further evidence on the question of cause of death of deceased."

This answer does not appear to have been filed within 30 days of notice of the Commission's decision; so it can not itself be considered a petition for rehearing. However, we do not believe that applicant for rehearing can limit the issues on petition for rehearing to just those included in this petition for rehearing, if the protesting party desires that other matters be considered, which if properly decided, would sustain the Commission's decision as to result. The matter of other grounds for correcting error, if error there be, having been called to the attention of the Commission by the issues joined upon the petition for rehearing, and before the Commission made a final determination of petition for rehearing, the Commission has been afforded full opportunity to correct any of such errors. Under such circumstances we see no merit in insisting that if the successful party before the Commission desires to defend the result of the Commission's decision, upon any ground that contemplates a modification of the findings of the Commission he must first timely file a petition for rehearing setting out that ground.

We have examined the evidence in this case and we find support therein for the Commission's decision as to the injury arising out of or in the course of employment and

being the cause of death. We are powerless to decide otherwise.

The order of the Commission is annulled.

McDONOUGH, J., concurs.

WADE, Justice (concurring).

Except as herein indicated, I concur with both the prevailing opinion and Mr. Justice Wolfe's concurring opinion.

Here, at the time of her husband's death, the wife was living separate from him under a decree of separate maintenance granted to her in 1936. Since that time and up to his death in 1947, he has paid for her support not to exceed $225.00, none of which was paid within the last 5 years prior to his death. Although during most of the time she had been employed, at the time of his death she was not, and at that time he was receiving about $150.00 per month. The commission refused to grant her an award on the ground that she failed to show a reasonable expectancy of future support from him had he lived, and, therefore, failed to show dependency on him. In *Utah Apex Mining Co.* v. *Industrial Commission*, 66 Utah 529, 244 P. 656, 658, under similar facts we held that,

"to establish her dependency upon deceased, it was incumbent upon the applicant to show not only that deceased owed her that legal duty of support, but that there was a reasonable expectation that the duty would be fulfilled".

In that case, we held that there was not sufficient evidence to support a finding that she had such reasonable expectancy and therefore vacated the award. If that decesion was correct then in my opinion we should sustain the decision of the commission in this case.

If the evidence is sufficient from which facts could reasonably be found which would sustain the decision of the commission, then we should affirm it. In both this case

and the Apex case, we are reversing the commission, so unless we overrule the law as therein stated, we must conclude that the evidence in this case is much stronger to the effect that the applicant here has a reasonable expectancy of support from deceased than it was in the previous case. In my opinion there is no justification in the evidence for us to hold that in the *Apex* case the evidence would not support a finding that the widow had a reasonable expectancy of future support from the deceased had he lived, and to hold in this case that the evidence conclusively establishes such a reasonable expectance. The evidence on that question is fully as favorable to the existence of a reasonable expectancy of future support in the *Apex* case as it is here. It is true that here there is a decree of support but, that merely shows a legal obligation to support and it has no tendency to prove that the applicant here would have been able to collect from decedent had he lived. In the *Apex* case the court assumed that there was a duty to support but reversed solely because it found no reasonable expectancy that such duty would be fulfilled. Such being the case, she could have readily obtained a judgment for support. In that case, there is no claim that the duty to support was doubtful. From reading the prevailing opinion in this case it appears very easy for her to collect support money from him under the direction of the court but in practice it is usually not that simple. If support could have been forced here, it could have been done in the *Apex* case. I think the evidence here is ample in view of the fact that she has not collected a cent during the last 5 years of his life, to justify the finding that she had no reasonable expectancy of support from him had he lived.

In my opinion, it is clear that in the *Apex* case, the commission was not reversed on the ground that no legal liability of support was shown. There we assumed that legal liability was established but held that dependency under the Workmen's Compensation Law was not established unless a reasonable expectance of future support was shown

and that no such a showing in that case was made. As I understand it, that case was reversed solely on that ground. I think there can be no question but that the evidence in that case was sufficient to sustain a finding that the decedent owed applicant a legal duty to support her at the time of his death.

In the *Apex* case, Mr. Justice Straup registered a vigorous dissent with which I fully agree. I also agree with Mr. Justice Wolfe's comments thereon and his analysis of the cases in his concurring opinion herein. I agree therewith because I believe that the inevitable result therefrom is that dependency of a wife living apart from her husband can be shown under the Workmen's Compensation Law the same as in a divorce or separate maintenance action, without showing a reasonable expectancy of future support from him. If such is the law, we must overrule the decision in the *Apex* case, and should here expressly do so. In my opinion, the difference in the facts in the two cases do not justify a different conclusion, and the attempt here made to distinguish them can only lead to confusion, because those distinctions cannot be consistently followed.

Because I fully believe that the legislature did not intend to require greater proof under the Workmen's Compensation Law in order to establish dependency in this kind of a case than is required in a divorce or separate maintenance action, I concur with the result. I recognize the force to Mr. Justice Latimer's argument that the legislature by later enactments has acquiesced in our previous constructions of this law on this question. But if such was the legislative intention then a man may wrongfully desert his wife and leave her destitute and still if he can wrongfully avoid contributing to her support during her life time, by that wrongful act his employer will be exonerated from contributing to her support after he is dead, where he loses his life accidentally in the course of his employment, and the result will be that she will be placed on the public for her

support although neither she nor the public have acted wrongfully. I do not believe that the legislature so intended.

WOLFE, Justice (concurring).

The Industrial Commission in all probability and not without reason founded its order principally on the case of *Utah Apex Mining Co.* v. *Industrial Commission,* 66 Utah 529, 535, 244 P. 656, 659. The meat of that case is reflected by the following quotation from it:

"The case as stated by the applicant presented three outstanding facts: First, that the parties were living separate and apart for a considerable period of time; second, that the husband during that period made no contribution whatever towards the support of his wife; and third, that the wife was able to and did support herself. The natural presumption from these facts is against dependency."

There was a strong dissent in that opinion by Mr. Justice Straup in which it was said:

"The facts and circumstances of the applicant's living separate and apart from the deceased are recited in the prevailing opinion. Upon them I do not see anything to justify a finding—much less a conclusive finding—that she, in so living separate and apart from him, in any particular was at fault, or had forfeited her legal right to support from him, or had violated any of her marital obligations. The facts but show that she so lived separate and apart from him and was compelled to earn her own living because of his inability to support her or because of his neglect to do so, or both. But I do not see wherein she had acquiesced in or condoned any such conduct on his part, or had forfeited her legal right to look to him for support. In other words, on the disclosed facts, her status as a wife was in all legal respects the same as though she had been living with him at the time of his death. I do not see wherein it was any different, except as to the method of making the status and dependency evident. In the one instance, the parties living together, the dependency is made evident by the mere statutory presumption. In the other, where they are not living together at the time of the husband's death, the dependency may be, as it here is, made evident by the facts. That is, the disclosed facts here show all that is embodied in or implied by the presumption. To say that the applicant is not entitled to any award because the deceased had not contributed much if anything

toward her support is but to say that a wife, though living with her husband at the time of his death, is entitled to no award if he had not during the marriage relation contributed much if anything toward her support, by reason of which she was compelled to earn her own living."

I think the dissent contains the better reasoning. The prevailing opinion in that case appears to make expectation of support by the husband the basis of a finding that the separated wife was dependent. It states,

"There is nothing in her conduct during this time from which it can be inferred that she entertained the least expectation of ever being supported by her husband."

In *American Smelting & Refining Co.* v. *Industrial Commission of Utah,* 68 Utah 383, 250 P. 651, 652, the commission awarded compensation to a wife living separate from her husband. This court, following the time honored principle that it could not "be said that the award made by the Commission is not supported by some substantial evidence" (as to dependency), affirmed. The facts were that the applicant widow and the deceased intermarried in Japan and lived together until deceased left his family and came to America in 1900. He continued from time to time, up to his death in 1924, with some long arid periods of non-remittals intervening, to send money to the applicant. This court rejected the contention that in view of deceased's failure to send any money between 1916 to 1922, the finding of the commission that applicant was dependent upon deceased for support was not supported by substantial evidence.

The case of *Diaz et al.* v. *Industrial Commission,* 80 Utah 77, 13 P. 2d 307, is not in point. While there was ample evidence of dependency, even though the husband and wife lived apart because of conditions other than any revealed fault of either spouse, the case was decided on the ground that the husband's death by pneumonia was not due to any injury received in his employment. There-

fore, the discussion by Mr. Justice Straup on the question as to whether under the facts there was dependency was dicta.

In *McGarry* v. *Industrial Commission*, 63 Utah 81, 222 P. 592, 594, this court by unanimous opinion written in 1923, while section 3140, Compiled Laws of Utah 1917, was still in force and before the amendment of 1933 which added to subsection (2) of Section 42-1-67, R. S. U. 1933 (now Sec. 42-1-67 U. C. A. 1943) the words "or who is legally bound for their support," said:

"* * * As contended by counsel for applicant, it would indeed be a reproach to the lawmakers of the state if it could be successfully contended under the provisions of our Industrial Act that a minor child might be a dependent and entitled to compensation if the father had only performed his legal duty during his life, and furnished or promised the child some support, but because the father failed in his legal duty, even to the point of violating the criminal laws of the state, therefore the child should not be held to be a dependent entitled to compensation; yet such is the interpretation plaintiffs would have this court give to the statute under review. Inasmuch as we are not compelled to do so by the plain meaning of the language employed, we are not inclined to so interpret the statute. *Besides this, we know of no authority which holds that the furnishing of support during the life of deceased is absolutely essential to the establishment of actual dependency.*" (Emphasis added.)

When that opinion was written, the statutory presumption of dependency of a child pertained only in cases where the child was living with the parent at the time of the death of the parent, just as the present statutory presumption is limited to those cases where the wife is living with the husband at the time of his injury or death. In all other cases, the question of dependency, in whole or in part, was to

"be determined in accordance with the facts in each particular case existing at the time of the injury resulting in the death of such employee."

The above quoted language of the opinion would, before the amendment above noted, apply equally to a wife or to

a child, with the exception that a wife could by her conduct, as a young child could not, abandon any right she had to come against the husband.

There is force to the argument of Mr. Justice Latimer that the Legislature by adding the words "or who is legally bound for their support" to the subsection dealing with presumptions of dependency in the case of minor children, and not adding it to the section dealing with the presumption in the case of the wife showed an intent to make the legal obligation alone in the case of a child sufficient to presume dependency regardless of whether the child was living with the parent at the time of his or her injury but not to employ that presumption in favor of a wife who was maritally separated from her husband. But to say that the case falls out of the class in regard to which the presumption is available is not the same as saying that in that class of cases it must be shown that the husband actually contributed to the wife's support nor that she retained an expectation of his future support in order to show dependency. I think it is sufficient if it is shown that he had the ability to support her, that she was in need of support and that she had done nothing affirmatively to show that she had abandoned him as a potential means of support. The legislative intent was to make the question of dependency, in the case of a wife maritally separated from her husband, one to be determined in accordance with the existing facts of each particular case at the time of the fatal injury to the husband employee. I desire to emphasize that the language of this court in *McGarry* v. *Industrial Commission,* supra, part of which is quoted above, is still applicable to the question of the wife's dependency. The furnishing of support during the life of the deceased is not essential to "the establishment of actual dependency."

As said in *Merrill* v. *Penasco Lumber Co.,* 27 N. M. 632, 204 P. 72, and cited with approval by this court in the *McGarry* case:

" 'But just as the existence of the marital status does not of itself prove dependency, so the lack of actual support by the husband does not of itself negative dependency. The failure to support is only one circumstance for consideration. The reasons for it, the length of its continuance, the mutual attitude and means of the parties, the probable resumption of duty, and other similar matters may have a distinct bearing on the subject. If dependency were determined only by the fact of contribution to support, a wife and children might be dependent one week and cease to be the next according to the caprice of the husband and father. Such a theory lacks support from authority.' "

As I view it, the defendants relied on the fact that no contributions had been made to the wife for some time before his injury and that she had been earning her own way assisted by her sons. The Commission evidently thought that the language employed in *Utah Apex Mining Co.* v. *Industrial Commission,* supra, controlled and thought this case came under it.

Granting, dubitatively, the correctness of that decision, this case stands on a different footing. Here there was a decree requiring decedent to pay $25.00 per month during separation. It was in effect at his death although nothing had been paid to her for several years. As stated by the main opinion, this decree must be considered as a pronouncement by a competent court that the applicant, at least at the time the decree was entered, was dependent on the deceased. And I think it has some efficacy in establishing dependency at the *time of the injury which caused the death.* The decree to pay $25.00 a month to the wife was a continuing one until modified. The fact that the husband made no effort to have it modified on the ground that the wife was no longer in need of it, may be some indication that the need for it continued and that she was therefore dependent at the time of the injury which resulted in his death. The husband's duty to support his wife, lies at the very root of the duty to pay any compensation to the wife. The relationship of husband and wife, plus the duty which the law imposes on the husband, gives birth to the duty to

contribute to that support and on such duty rests the duty to pay compensation. But where the husband and wife are maritally separated and he still has the duty to support, the commission could find dependency in absence of an affirmative showing that the wife actually abandoned her husband as a potential resource for future contributions. The Industrial Commission could, in this case, have found that she was in fact dependent on her husband at the time he was injured in accord with the expressions of Mr. Justice Thurman contained in *McGarry* v. *Industrial Commission,* supra, part of which was above quoted and in accordance with his expressions contained in the case of *Utah Apex Mining Co.* v. *Industrial Commission,* 64 Utah 221, 228 P. 1078. In addition to the fact that a decree granting the wife $25.00 a month was still extant at the time of the injury, the wife in this case did attempt to collect and those efforts did, in fact, net $225.00. The fact that after repeated attempts to collect arrearages with only partial success, she gave it up as a bad job and chose to earn her maintenance rather than continue the wearisome efforts to make him pay, is not conclusive on the question as to whether she abandoned the right to collect from the potential resource of the husband's earnings. His death took that potentiality from her. Moreover, the fact that she was growing older and reaching the time when she would no longer be able to work would be some basis for a finding that she was dependent at the time of his injury. I do not think that proof of a husband's contributions to his wife are an indispensable element in order to find that she was dependent on him at the time of the fatal injury.

I think the wife's anticipation or expectation would only be material in regard to a determination of whether she had abandoned her husband as a potential resource for any future contributions to her support. The idea that the more a husband neglects his obligations and thus discourages any hope in his wife for a future recognition of his

responsibility toward her, the less her chances of proving actual dependency, is not a healthy one.

A wife, not divorced, but armed with a court decree which implies that she is dependent, may rely on that decree as an element in the proof of dependency if such decree is still operative at the time of her husband's death, unless perhaps—and I mean to leave this open—the facts are such as to show definitely an intention to waive her right either by very long efflux of time without any effort to collect or other circumstances which may show a definite intent by the wife to forego the benefits of a decree. There might be a marked and favorable change in her financial condition which coupled with her failure to use any efforts to collect under the decree could be made the basis of a conclusion that she had abandoned the right it gave her as a source of maintenance. But we have no such case here. There is here no acquiescence to his failure to obey the decree or forfeiture of the rights under the same.

The applicant was by decree given the status of a dependent on her husband at least at the time of the decree, and as before stated, there is some basis for an inference that the dependency continued until the injury which resulted in the husband's death.

I am of the opinion that the Commission was misled as to the elements necessary to show the dependency of an estranged wife on her husband at the time of the injury which caused his death. And for this reason, I am of the opinion that the order of the Commission should be set aside and that in order that it have the opportunity to determine in view of the principles expressed herein whether the applicant was dependent upon her husband at the time of his injury and the extent thereof.

LATIMER, Justice.

I dissent.

As I interpret the majority opinion, it, in effect, announces the rule that when a husband and wife are not

divorced but are living separate and apart dependency is determined by legal liability to support. Such a holding is contrary to the plain wording of our statute and overturns a principle that has been sustained by this court for many years. Even were I to consider that the previously decided cases should be overruled, to join with the prevailing members of this court, I would be required to ignore the statutory enactments.

Perhaps it might be helpful to set forth in chronological order the provisions of the original compensation act, the amendments thereto and the various cases interpreting the particular statutory section involved.

Section 3140, Compiled Laws of Utah 1917, defines dependency as follows:

"(a) A wife upon a husband *with whom she lives at the time of his death;*

"(b) A female child or female children under the age of eighteen years and a male child or male children under the age of sixteen years (or over such ages if physically or mentally incapacitated from earning) upon the parent *with whom he is living at the time of the death of such parent.*

"In all other cases, the question of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case existing at the time of the injury resulting in the death of such employe, but no person shall be considered as dependent unless a member of the family of the deceased employe, or bears to him the relation of husband or widow, lineal descendent, ancestor, or brother or sister. The word 'child' as used in this title, shall include a posthumous child, and a child legally adopted prior to the injury." (Italics added.)

There were no substantial amendments made to this section until 1933. At that time, the section became identified as Section 42-1-67, R. S. U. 1933, and for the purposes of determining dependency reads the same as Section 42-1-67, U. C. A. 1943, which controls the present action. The section now reads, as follows:

"The following persons shall be presumed to be wholly dependent for support upon a deceased employee:

"(1) A wife upon a husband with whom she lives at the time of his death.

"(2) Children under the age of eighteen years or over such age, if physically or mentally incapacitated, upon the parent, with whom they are living at the time of the death of such parent, or who is legally bound for their support.

"In all other cases, the question of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case existing at the time of the injury resulting in the death of such employee, but no person shall be considered as dependent unless he is a member of the family of the deceased employee, or bears to him the relation of husband or wife, lineal descendant, ancestor, or brother or sister. The word 'child' as used in this title shall include a posthumous child, and a child legally adopted prior to the injury. Half brothers and half sisters shall be included in the words 'brother or sister' as above used."

Subsection (1) was not amended by the act of 1933 but subsection (2), which deals with minor children, enlarged the presumption of total dependency to those children whose father was legally bound for their support. To add to one specific provision dealing with children and to leave untouched the other provision dealing with wives indicates a legislative intent not to make it apply to the latter class. Considering only the statutory enactments, I can see no escape from the conclusion that the legislature intended to make special provisions for minor children who were living separate and apart from their father and limit the question of dependency in all other cases to the facts and circumstances existing at the time of the injury.

I now turn to the cases in which this court has construed these sections. One of the first cases decided by this court in which the original section was interpreted is the case of *McGarry* v. *Industrial Commission*, 63 Utah 81, 222 P. 592, 593. The question involved was the dependency of a minor child of deceased. The 1917 act was being considered and the "liability for support" provision in cases of children was not then in the section. Mr. Justice Thurman, speaking for the court said:

"We feel justified in assuming that the Commission arrived at the conclusion that this case is one in which dependency is presumed from relationship, and consequently classed it under the first paragraph of subdivision (b). No interpretation of the statute consistent with any known rule of construction can make this case one in which dependency may be presumed under subdivision (b). Living with his father at the time of his death, either actually or constructively, is just as essential to the establishment of dependency as is the relationship of parent and child.

"The Attorney General, appearing for the Commission in an illuminating and instructive brief contends for a different interpretation of the statute. If we read his contention aright, there is a presumption that a father and a minor child in a case of this kind are living together, whether in fact they are or not, and that in Utah, where there is a legal liability on the part of the father to support his minor child, total dependency under the Utah Industrial Act may be presumed. We cannot adopt this interpretation of the statute without disregarding what we believe to be our plain duty as interpreters of the law."

In 1924, this court in the case of *Utah Apex Mining Co.* v. *Industrial Commission,* 64 Utah 221, 228 P. 1078, 1079, interpreted the rule as it applied to husband and wife living separate and apart. In substance the facts were these: On the 13th day of September, 1914, Birdella Armstrong and Robert J. Armstrong were legally remarried in Butte, Montana. During the early part of 1918, Mrs. Armstrong became seriously ill. In the latter part of the same year, Mr. Armstrong left Butte to seek employment. Between 1918 and 1921, he returned to Butte on several occasions, the last visit being in July, 1921. Shortly after this last visit, he left to find work with no known destination. He was not heard of until his death on October 16, 1923. Mrs. Armstrong had no resources and was receiving alms from the county poor fund. She, in substance, testified that she did not anticipate receiving any support money from Mr. Armstrong after he left in 1921.

The Industrial Commission made an award to Mrs. Armstrong, but this was annulled by this court. Mr. Justice Thurman, again speaking for the court, said:

"There is no doubt, under the evidence, that Birdella Armstrong was the lawful wife of deceased at the time of his death; neither is there any doubt that she was and is in needy circumstances, and, on account of her affliction and inability to support herself, is dependent, more or less, on public or private charity for support. It becomes necessary to determine whether these and other circumstances disclosed by the record are sufficient to bring the case within the purview of the law justifying the allowance of compensation. These circumstances have impelled the court to give to the evidence the most careful and painstaking examination.

\* \* \* \* \*

"It will be observed from the statute above quoted that there is no presumption of dependency in the case of a wife unless she is living with her husband in the relation of husband and wife at the time of his death. In all other cases the question of her dependency is to be determined in accordance with the facts in each particular case.

\* \* \* \* \*

"Notwithstanding the apparent hardship of the case, viewed from the standpoint of the husband's legal duty towards his wife and his utter failure to discharge the obligations resting upon him. the court is nevertheless without authority in this proceeding to give any effect to such considerations. Our duty to declare the law as we find it and apply it to the facts of the case."

The *McGarry* v. *Industrial Commission* case came before this court for a second time and this latter opinion is reported in 64 Utah 592, 232 P. 1090, 39 A. L. R. 306. The Industrial Commission made a second award which was vacated on appeal for reasons not material to this decision. However, I quote an excerpt which clearly indicates the members of this court believed that legal liability could not be made the basis of a presumption of total dependency. I quote from page 600 of 64 Utah, page 1093 of 232 P., 39 A. L. R. 306:

"We are inclined to the views intimated in our former opinion, that where a mere infant, incapable of supporting itself and not competent either to claim or waive a right under the law, is abandoned by its father, whose duty under the law during his life was to support the child, such child, upon his father's death, within the purview of the Utah Industrial Act, becomes an actual dependent without regard to the question as to whether he has received or had

the promise of support. Whether such child is wholly or partially dependent, of course, depends upon the facts of the particular case."

In the case of *Utah Apex Mining Co.* v. *Industrial Commission,* 66 Utah 529, 244 P. 656, 657, the commission denied an award to the widow under facts and circumstances which were much stronger in favor of an award than they are in the present action. Stated briefly, the facts in that case were that applicant's wife at the time of the marriage was 15 years of age and the husband 20 years of age. They had considerable difficulty making a living and keeping a home and each was required to work. They separated at short intervals and would then go back to living together. In 1922 the wife went to live with her mother in Kansas and while she kept track of her husband through her sister, she did not correspond with him or receive any assistance. For the most part, she worked at odd jobs and supported herself. On one occasion she took steps towards obtaining a divorce on the grounds of non-support, but upon being assured by the husband that he would support her in the future, she dismissed the proceedings. The last separation prior to the death of the husband was for a period of two years. The wife was in needy circumstances and her income extremely limited. The following quotation indicates the principles the court relied on in that case to determine dependency:

"No claim was made that the wife was living with the deceased employee at the time of his death, but it was admitted that she had lived separate and apart from him for more than two years next preceding his death. The dependency of the wife was therefore not presumed by virtue of the relationship, but was to be determined 'in accordance with the facts * * * existing at the time of the injury resulting in the death of such employe.' And the burden of establishing dependency was upon the applicant. *Utah-Apex Mining Co.* v. *Industrial Commission,* 64 Utah 221, 228 P. 1078. It is plainly deducible from the statute itself that dependency is not presumed from or established by the existence of the legal relation of the wife to the husband, unless they are living together, and when, as in this case, they were not living together, dependency is not established

unless something tending to show dependency, in addition to the legal duty of the husband, is shown.

\* \* \* \* \*

"But, viewing the matter from the standpoint alone of the evidence adduced by the applicant wife, *we look in vain for any fact or circumstance, other than the legal duty of deceased, to indicate that there was a reasonable probability that that duty would have been fulfilled, either voluntarily or involuntarily.* On the contrary, the additional facts and circumstances elicited plainly tended against the probability of future support." (Italics added.)

I believe *Diaz et al.* v. *Industrial Commission,* 80 Utah 77, 13 P. 2d 307, was the first case in which this court held that a wife living separate and apart from her husband was a dependent. In that matter this court held the separation was a temporary arrangement which did not destroy the marital relationship. There, the husband accepted work at a place removed from where he and his family had been residing. He, however, contributed to their support during separation. Even though physically separated, such an arrangement could well be regarded as living together, though, because of employment they were temporarily parted. Mr. Justice Straup, in comparing that case with *Utah Apex Mining Co.* v. *Industrial Commission,* 66 Utah 529, 244 P. 656, supra, makes the following statement [80 Utah 77, 13 P. 2d 312]:

"The facts in the two cases last cited and in this case are strikingly dissimilar. Here the parties lived together for eleven years, during all of which time the applicants looked to the deceased for support and maintenance, and were supported and maintained by him. When the deceased left Dividend and went to Butte, there is no substantial competent evidence to show nor to justify an inference that such family relation was not to continue or that by mutual consent it was so changed that the deceased no longer was required to perform his legal and moral obligation to support the applicants, or that they no longer were to be supported by him, or no longer expected to receive support from him, and that they from thence on were required to shift from themselves without aid from the deceased. We do not see anything in the record to justify any such inference or conclusion. None such is justified, because the parties lived apart from each other for about a year and a half, about one year of which the deceased was in Butte. Further, the evidence shows that during

the time he was in Butte he and his wife corresponded with each other, and that she received moneys from him, and, when he returned to Dividend, they visited each other, and on such occasions he also gave her money for the support of herself and of the minor child."

In his final summation on the question of dependency, Mr. Justice Straup continues:

"Thus, whether the case be regarded as falling within subdivision (a) or (b) of the statute referred to, we are of the opinion that the finding that there were no dependents is against and contrary to the legal competent evidence in the case, and hence it is disapproved and set aside."

The question of the presumption of dependency was not necessarily involved in that case as Mr. Justice Straup points out that the facts were sufficient to establish the relationship under the provision of the statute which requires dependency to be determined by the facts and circumstances existing at the time of the injury.

In *Utah Fuel Co.* v. *Industrial Commission,* 80 Utah 301, 15 P. 2d 297, 86 A. L. R. 858, the opinion of Mr. Justice Folland contains the following statement of facts:

"* * * The evidence is very meager, and shows merely that the four claimants were children of the deceased; that they and their mother, the wife of the deceased, had been deserted by him in Carbon county, Utah, a considerable time before his death, and that about a month after such desertion the children were taken by their mother to Seattle, Wash., where they now live with the mother and her parents; that a divorce action commenced by Jacobsen against his wife, Lavona Jacobsen, was pending in the district court of Carbon county, and had not been heard at the time of his death; that the employee was living with another woman who posed as his wife. This woman renounced any claim for compensation as a dependent. There is no proof that deceased had contributed anything to the support of the minors since the separation from his wife, and there is no competent evidence in the record as to the financial condition of the minors or of their mother nor how or by whom they have been supported."

The issues in that case were then set forth as follows:

"The issue presented by this review is a narrow one. Plaintiff urges that the finding of dependency is not supported by any evi-

dence. Defendants contend that the finding of dependency is sufficiently supported by proof that claimants are the children of the deceased to whom he owes a legal duty of support, who have been, without fault on their part, living apart from him and receiving no support from him within a period of four years prior to his death."

An award made by the commission was annulled and the following quote sets forth the reasons therefor:

"It is conceded that the facts do not bring this case within subdivision (b) of the statute quoted because the children were not living with the employee at the time of his death. The dependency of these children cannot therefore be presumed by virtue of the relationship, but is to be determined 'in accordance with the facts  *  *  *  existing at the time of the injury resulting in the death of such employee.' The burden of establishing dependency is upon the applicants. *Utah Apex Mining Co.* v. *Industrial Commission,* 64 Utah 221, 228 P. 1078.

"Two legal propositions are argued by the plaintiff in its brief: (1) Is the finding of dependency supported by proof that claimants are children of the employee living separate and apart from him without fault on their part? and (2) Can an award be made in favor of such children as dependents where the father in disregard of his legal obligations had not actually supported the children over a period of four years next preceding his death? As to the first proposition, it is plainly deducible from the statute that dependency is not presumed from or established by proof of the existence of the relation of father and child, unless the children are living with the father at the time of his death, and, when not living together, dependency is not established, unless facts tending to show dependency, in addition to the legal duty to support, are proved.

*       *       *       *       *

"The right of support is a valuable asset which belongs to the children and which they have a right to realize on either presently or in the future. The right might have been enforced during the four years previous to the father's death, but no attempt, so far as shown, was made to do so. There is, however, in the evidence not anything shown on which to rest a finding that this right is of practical value or that it is reasonably probable that the obligation of the father would be fulfilled. The mere fact that the father is legally and morally bound to support his children does not necessarily establish that they are either partly or wholly dependent on him."

The last cited case was decided in October, 1932. It was again heard in this court in 1933 and the decision can be

found in 83 Utah 166, 27 P. 2d 434. At the second hearing before the commission, additional facts touching on the question of the dependency of the children at the time of the death of their father were produced and, based on these additional facts, the commission made a second award. This court affirmed the award on the grounds that there was evidence from which the commission could reasonably conclude the children were dependent at the time of the injury. This holding was not based on a presumption of total dependency but was based on evidence that the children were in fact dependent. The court, in its decision, re-affirmed the principles announced in the first decision and re-emphasized that the minimum requirement necessary to establish probability that the obligation of the parent will be fulfilled.

I venture an opinion that the harshness of the statute as enacted by the legislature, when applied to minor children, was appreciated and was, in part, responsible for the amendment made in 1933, which made legal liability an additional ground for a presumption of total dependency when minor children survived.

There may be other cases decided by this court which announced principles in keeping with those quoted herein. However, this is the first case that announces a contrary principle. I am unwilling, in light of the many decided cases dealing with this subject, to concur with the results reached in the prevailing opinion. It may be that in the future, as it has been in the past, that hardships will be imposed in certain cases but the principles underlying the compensation act should not be impaired and we should not legislate to avoid what may appear in this case to be an undue hardship. In practically all of the cases dealing with dependency we have approved quotations and statements which announce that the purpose of the workmen's compensation act is to provide dependents with something in substitution for what has been lost by the employee's death. If this is the purpose, then dependency must be

established by showing that the surviving wife had reasonable grounds to anticipate future support from the deceased. If she did not have reasonable grounds to so anticipate, then the death of the employee did not impair her means of support. A surviving wife should not be entitled to more from the employer than she might reasonably expect from her husband, had he survived.

If we were to apply the wording of the statute and the principles announced in the decided cases to the facts of this case, we would be required to hold that under the present state of the record dependency has not been established. Concededly, some ten years before the death of the employee, Mrs. Llewelyn had a legal right to be supported by her husband. This right existed either with or without a decree in a separate maintenance action. Assuming that the decree established dependency some ten years ago, that alone does not meet the requirements of the statute or of the decided cases. Mrs. Llewelyn, for the greater portion of ten years' time, supported herself and for at least five years immediately prior to the death of her husband received no support money and took no steps to enforce her rights in spite of the fact that the deceased was employed locally and the decree could have been enforced. At least during that period she had no reasonable anticipation that her husband would support her and even though at the time of their separation she had a legal right to support, this right under our decisions can be waived. In order for Mrs. Llewelyn to recover in this instance, I believe the record should establish, by substantial evidence that she was in fact dependent, that by her long failure to enforce her rights, she had not waived her legal right to support and that she had reasonable expectations that in the future she would receive support from her husband had he lived. Unless she placed some reliance upon the deceased employee to provided support money, in some measure or to some extent, at the time of his injury, then dependency, partial or total, does not exist.

Much could be said about worthless husbands and their legal duty to support their wives. I, too, believe they should be dealt with harshly. Be that as it may, our duty is not to amend the act but to declare the law as we find it. Our further duty, as announced in many cases, is to sustain the award of the commission if there is substantial evidence to support its findings and conclusions. I would affirm the order of the commission because there was evidence from which the commission could reasonably conclude that applicant was not a dependent at the time of the injury and for the reason that I believe the prevailing opinion amends rather than interprets the statute.